I pronounce it Payan. Payan. I have a 50-50 chance. I'm not saying you're incorrect, Judge. I'm just telling you how I transcribe it. Fair enough. You may proceed. Thank you, Your Honor. Eric Slutkin on behalf of Ms. Payan, I'm going to attempt to reserve two minutes for rebuttal time. We're asking that you vacate the decision of the administrative law judge finding Ms. Payan not disabled because that decision was not free of legal error in the ALJ's conclusion to not supported by substantial evidence of record. The errors we are focusing it on have to do with the weighing of treating physician opinion as well as reported symptoms. The administrative law judge focused on the fibromyalgia and the lack of abnormal gait with decrease in strength in making both of those conclusions, so I'd like to focus on that first. We did note in our brief that an individual who suffers from fibromyalgia may or may not be disabled, and it's going to depend upon the severity of the symptoms that the claimant experiences, and that's generally determined by the medical records as well as the other reports that we have in this file. Is this a determination we can make from objective evidence versus subjective? The answer to that question is objective, and that's the major error that was committed by the administrative law judge in this case. The Social Security Administration has... Are you sure that's what you want to say? I mean, I think he did rely on objective evidence. I was thinking your brief suggested it ought to be subjective. So the question... It's on the new, if you will, Social Security Directive. So the Social Security Directive, which is SSR 12-2P, they talk about both objective and subjective findings, and the point that they make is that fibromyalgia, and I'm going to quote from the policy of the law, fibromyalgia is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least three months. That, according to the regulations, is objective when we talk about fibromyalgia. We have a 1990 ACR classification and a 2010 classification. So although the pain itself is subjective, what is objective is the definition of fibromyalgia. It is the manner in which Social Security determines whether fibromyalgia is or is not a medically determinable impairment. So it seems to me the ALJ did reject Dr. Fairfax's assessment, but it was based on the fact that your client had a full range of motion and a normal gait. And to the extent that that's reliable on objective evidence, one would say that there is substantial evidence to sustain that. So what did you do wrong? The disconnect with that conclusion is fibromyalgia does not cause an abnormal gait. Fibromyalgia does not cause a loss of strength. So you cannot say that the fibromyalgia is non-severe or that the fibromyalgia is not disabling based on those factors. Are there any subjective evidence in the record that supports the conclusion that your client had a physical impairment? Absolutely. She meets the ACR criteria, both the utilizing the... So we're talking about a fibromyalgia that really there's no laboratory test to show it. No laboratory test to say that it's present or that it's severe. And yet we are to give some effect then to the subjective evidence. That's, yes, according to the policy ruling and according to the case law. And we must differentiate between what's a medically determinable impairment. And here the fibromyalgia is a medically determinable impairment. That's not even in dispute. We have two rheumatologists that made the diagnosis. They're the specialists in this field. She does have the required tender point examination that is required in the 1990 criteria. If you look at the 2010 criteria, Social Security talks about widespread pain. She has a repeated manifestation of six or more fibromyalgia signs and symptoms. They identify those signs and symptoms as being fatigued, waking, unrefreshed, anxiety, depression, bowel symptoms, muscle pain, headaches, numbness, dizziness. She has all of those. And they talk about an exclusion of other disorders that would explain those symptoms. So if one has fibromyalgia, or at least has the symptoms of fibromyalgia, what must the ALJ do that the ALJ did not do? So the ALJ must weigh the medical opinion in accordance with the regulations. The ALJ did not apply the 20 CFR section 404. It wasn't in effect? The regu- what was not in effect? The Social Security Directive, was it? The Administrative Law Judge's decision was rendered in February of 2012. The policy ruling was issued in 2012 as well. But after February? So it was after ALJ, but before it went to ALJ Superior. That's correct. Yes, I would have to agree with that. Without looking at the specific dates, I would assume that's correct. Because the decision was issued in February. But when we look at the case law, specifically Enneke, they talk about this very issue because they're applying the 1990 criteria and the 2010 criteria. And so, at a minimum, Ms. Payne would have been entitled to a review under the 12-2P, which she did not- apparently did not obtain from this Administrative Law Judge. I would have to agree with you on that. The other issue I want to talk about- Well, the government said that the ALJ followed 12-2P. Well, the government also is indicating that one of the signs and symptoms to show that fibromyalgia is not severe is the absence of an abnormal gait, the absence of muscle weakness, the absence of decreased range of motion. To be honest with you, Judge, it's contrary to all the case law going back. It's contrary to the policy ruling. It's contrary to medical science. And although they say it, I don't know what they're relying on when they draw that conclusion when we have all this authority that just says that's incorrect. But we remand for another evaluation given SR-12-2P. That is one of the options. This Court, that is one of the options I would ask that the Court moves on with. Well, isn't that really the only option we really have? Your Honor, I would agree with you. I mean, if we follow what you're saying. So, if you follow that aspect of what I'm saying, I'm going to answer your question, yes. I do believe that the Court can take a look at the treating physician opinion. We detailed why that's entitled to greater weight in this case. They characterize this opinion as extreme. Well, but frankly, if in fact the ALJ characterizes the opinion based on objective evidence and should have put subjective evidence involved in it, the ALJ could still go back and reject the opinion, right? Yes, certainly. The ALJ would have to go through the record and look for specific and legitimate reasons to do that. I'm not sure it exists in this case. We took the position that it doesn't. But, you know, the ALJ, if it were revanded... But it gets down to a minute and a half, and you said you had something else you wanted to talk about. I did want to talk about the rejection of reported symptoms. We do note that that standard to do that in this case is relatively high. The administrative law judge would have to show clear and convincing reasons. There's no evidence of exaggeration and malingering. So clear and convincing reasons? I don't know about that. I thought he has to articulate a rational basis for it. But what's a clear and convincing reason? So if reported symptoms are reasonably related to the medically determinable impairments, which in this case it is, and there is no evidence... He has to provide the rational reason for rejecting it. There's nothing about clear and convincing which suggests some sort of high standard of proof. That is correct. And that is... I am, if you read... What's wrong with the ALJ's explanation? So in this case, the administrative law judge found Ms. Payne not credible, saying that there was no evidence of worsening, which wasn't true. There was significant evidence of worsening. The administrative law judge, in fact, found that as of the onset date of disability, the condition had worsened to a point where a claimant would be unable to perform any of her past work. So finding her not credible, saying that there's no worsening, is an error. It's not clear and convincing reasons. The administrative law judge also focused on the lack of objective data, which we've covered. It doesn't comply with Social Security policy ruling 12-2A. Thank you. Thank you. Thank you. Good morning, Your Honors. May it please the Court, I'm Melissa Schuenemann here on behalf of the Acting Commissioner for the Social Security Administration. This case involves an individual with 30 years of work history, most recently in semi-skilled positions like a medical assistant, a hospital bedding clerk, even a court clerk, an administrative clerk. She alleges disability-based, primarily as we just discussed, fibromyalgia and also osteoarthritis among other impairments. That's what we're focusing on today. She worked up until the date that her company was relocated out of state in April 2008 when she was let go. She testified that she was one of the last employees to be let go on that date. And the medical record shows that there are several statements where she had been experiencing the same symptoms that she now considers disabling as early as 2006, if not prior to that date. The medical record also does not contain any evidence of treatment for these severe impairments in the 2008-2009 timeframe when Ms. Payan says that she became disabled. The ALJ are, if we believe what Dr. Fairfax says is assessment, we would, in fact, suggest that she's disabled. Would we not? If you were to take Dr. Fairfax's opinion, as it's stated, it does reach an ultimate issue reserved to the commissioner, pretty much stating that she is unable to work. And is the commissioner's position that that is an impermissible opinion under the regulations? It's the commissioner's opinion. So I'm going to ask you a little bit of the same questioning. Where in the ALJ's opinion does he, does the ALJ focus on subjective evidence? Well, the ALJ talks about subjective evidence in the context of credibility first and interspersed throughout the opinion. Well, but the credibility, if you're only basing the credibility assessment based on the objective evidence in the medical record rather than taking into account that she has fibromyalgia and osteoarthritis and as the Social Security ruling 12.2 P suggests, that's not really something you can take from objective evidence but you've got to deal with the subjective complaints of the person. And it's a little hard to say she's incredible when the ALJ doesn't even discuss fatigue, doesn't even discuss the symptoms of fibromyalgia, doesn't discuss the pain testimony and relate it to her daily activities, doesn't determine whether the medications or treatment relate to the pain testimony. That's the worry that I have based on Social Security 12.2 P that it does not really address that new added function, if you will, of fibromyalgia. Not that I would have necessarily got there, but when you've got that right in the record I've got to find some place where the ALJ assesses it in order to disregard Fairfax's assessment or say that the applicant has no credibility. Certainly, Your Honor. In the ALJ does talk about some of the symptoms on transcript page 21 in the context of the credibility discussion and that is tied to the ultimate findings in the residual functional capacity and the part that is relevant to 12.2 P. It's not enough just to find that she has symptoms of fibromyalgia. The ALJ did find that to be a severe impairment in this case. But there have to be symptoms of such a level of functional limitations in the record in order to be at such a level that the ALJ could find that the RFC limited her to the point she was disabled and that's simply not here. On transcript page 21... If you could help me understand that, because it seems to me that taking Social Security ruling 12.2 P that if you've got these ailments, you've got to discuss them and you've got to discuss why they don't really impair her. You can't just take the objective evidence that's in the record and say she is disabled. You've got to go further. You've got to talk about the subjective if you will complaints that she says she has and I didn't find that kind of discussion. Now I think it's pretty clear that the ruling didn't come down until after the ALJ was through and the first time it comes down is when it goes up the line from the ALJ but nonetheless wouldn't it be advantageous if you will to send this back and let the ALJ have a look at this based on the Social Security ruling? In this case Your Honor I don't think that it would serve a useful purpose because the ALJ did point to some of her complaints subjective complaints of overall widespread pain in the context of 2006-2008 he finds that there was not support for her claim in any of the notes, not just objective evidence he does emphasize objective evidence throughout the opinion that is certainly true but there are certainly statements throughout that are talking about observations talking about her complaints to physicians and the lack thereof I believe the ALJ But it seems to me that the ALJ recently concluded that these diseases could cause symptoms but then didn't deal with that just went back to the objective evidence that had nothing to do with that and made its assessment based on the objective evidence rather than saying this gal says fatigue I'm going to consider whether there's fatigue and I'm going to consider analysis this gal says she has fibromyalgia in the context of the medical opinions I'm going to say why that shouldn't make any difference this gal says she has pain what about her daily activities do they show she has pain or don't they this gal says she's on medications are the medications and treatment really deal with fibromyalgia which it seems to me the ruling would require and the ALJ did not do I understand your honor the ALJ did not discuss each of those factors in the opinion that is true I think it can be gleaned from the opinion that he did consider generally many of those factors I don't believe that the 12-2p directs that he has to consider each and every single one only those that are relevant in the particular case but since it was not in place at the time I didn't mean to cut you off I thought you were through because the 12-2p was not in place at the time the ALJ did write this decision it did not have that guidance to benefit from however it's our position that this would be consistent under either 12-2p or earlier guidance you want to spend a little time talking about the residual functional capacity finding the residual functional capacity finding itself yes found three jobs that don't seem to exist I mean I thought buggy whip maker yes your honor and typewriter repairman I it looks to me like those jobs just went down anymore well you know the what is it photoshop I still remember photomats I don't think my law clerks remember photomats has anybody use film within living memory my daughter I'm sorry my daughter does but that's outside of the record it's unusual I think if one wanted to go out and find a job as a four door clerk somebody who sort of takes rolls of film for processing I think that would be a hard job to find and then there were a couple of other ones that also didn't seem to exist actually well your honor the two that are really an issue here are the furniture rental consultant and that job does actually exist but that takes a mental capacity that's higher than what she has been you know able to perform well actually I would disagree with that statement but first of all this argument was never raised at the district court so it's our position that it was waived and those court does not need to address those arguments but even if you do the furniture rental consultant the complaint is that it has was it raised to the ALJ? I'm sorry no it was not the furniture rental consultant position had an SVP or GED learning level of 3 which is our position is not inconsistent with the SVP these are apples and oranges GED levels are about vocational preparation and education this woman had 30 years of work experience in 11th grade education whereas it does not directly translate to an SVP of 2 furthermore the distinction between a GED reasoning level of 2 and 3 is a matter of 3 words and whether it is slightly more complex than the other so I'm out of time but wanted to address that okay thank you thank you I'm sorry you're out of time would you like to take a minute or so but or you can just let it go okay your honor thank you your honor I just wanted to point out that clear and convincing standard I would point you to the Brown Hunter first coffin case as well as the Burrell v. Coffin case and the Garrison v. Coffin case which are all cited in the briefs other than that the issues are well briefed and I would have to agree that the administrative law judge didn't have an opportunity to evaluate this claim under 12-2B and reviewing the record that is probably a necessary requirement thank you
judges: Kozinski, Bybee, N.R. Smith